UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANA RISTA,

      Petitioner,

v.

      CASE NO. 5:14-CV-14688
      HON. JUDITH E. LEVY

MICHIGAN 34TH DIST. CT.,

      Respondent.

_____/

**<u>OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.   Introduction**

Joana Rista ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a misdemeanor disturbing the peace conviction, arising from her October 20, 2014 guilty plea in the 34th District Court in Wayne County, Michigan. She was given a 30-day diversionary sentence conditioned on her compliance with certain requirements imposed by the district court.

The record reveals that Petitioner has not properly appealed her conviction in the state courts. She filed a claim of appeal with the Michigan Court of Appeals, which was dismissed for lack of jurisdiction.

The court stated that Petitioner could file a delayed application for leave to appeal with the appropriate state circuit court pursuant to Michigan Court Rule 7.103(B). *Wayne Co. Airport v. Joana Rista*, No. 324506 (Mich. Ct. App. Nov. 14, 2014). Petitioner does not indicate that she has done so. Petitioner filed her federal habeas petition on December 11, 2014. In her pleadings, she raises ten claims for relief concerning the charge against her, the conduct of the prosecutor and judge, and the validity of her plea.

For the reasons stated herein, the Court will dismiss without prejudice the petition for a writ of habeas corpus. The Court shall also deny a certificate of appealability and deny leave to proceed *in forma pauperis* on appeal.

## II.   Analysis

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have

asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The record in this case indicates that Petitioner has not exhausted her habeas claims in the state courts before seeking habeas review in federal court. Petitioner has an available avenue for relief in the state court system, and accordingly, pursuit of state court remedies would not be futile. She may file a delayed application for leave to appeal with the state circuit court and then continue with her direct appeal in the state

3

appellate courts as necessary. If such a remedy is no longer available, she may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* and seek further appellate review in the state courts as necessary. The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Dismissal of this petition without prejudice is appropriate.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted her claims in the state courts before seeking federal habeas review. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.[1]

Before Petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial

---

[1] The Court notes that the record is unclear about whether Petitioner is still subject to probation or some other sentence so as to meet the "in custody" requirement for proceeding on federal habeas review. *See Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The Court need not resolve that issue given the instant dismissal.

4

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court DENIES a certificate of appealability. The Court also DENIES leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

    IT IS SO ORDERED.

                              s/Judith E. Levy
                              JUDITH E. LEVY
                              UNITED STATES DISTRICT JUDGE

Dated: December 22, 2014

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 22, 2014.

s/Felicia M. Moses<br>
FELICIA M. MOSES<br>
Case Manager